

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2005

# In Re: Melvin Shaw

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Melvin Shaw " (2005). *2005 Decisions.* Paper 1290.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1290

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 04-3575

———————

IN RE: MELVIN SHAW, Debtor

Melvin Shaw,
Appellant

———————

On Appeal From the United States
District Court
For the District of New Jersey
(D.C. Civil Action No. 04-cv-02473)
District Judge: Hon. Robert B. Kugler

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2005

BEFORE: ROTH, FUENTES and STAPLETON, Circuit Judges

(Opinion Filed: April 29, 2005)

———————

OPINION OF THE COURT

———————

STAPLETON, Circuit Judge:

Appellant/Debtor Melvin Shaw appeals from a District Court order affirming the dismissal of his Chapter 7 petition in bankruptcy for lack of "good faith" pursuant to 11 U.S.C. § 707(a). We will affirm.

Shaw filed his voluntary Chapter 7 petition on June 5, 2003. It listed five unsecured creditors, including one Janine Hamilton, whose claim was described as involving "guarantor liability for loan to Philly Motor Sport, Inc.," in the amount of $180,000.

Shaw pled guilty to Count Fourteen of a federal indictment which charged him with using a wire communication in interstate commerce to execute a scheme to defraud. Specifically, his plea constituted an admission that he devised and executed a scheme from October 2001 to August 2002 to defraud business associates of Shaw Auto Sport and Philly Motor Sport. "It was part of the scheme that [inter alia]:"

> 3. Defendant MELVIN D. SHAW borrowed money from third parties and pledged as collateral certain cars, fraudulently misrepresenting that he owned such cars and that no other person had any interest in or claim against such cars.
>
> 4. Defendant MELVIN D. SHAW borrowed money from a third party and agreed to share with that party profits earned from the purchase and re-sale of a particular car, fraudulently misrepresenting the condition and history of that car.

App. at Pa-3.

Hamilton successfully moved to dismiss Shaw's petition for cause under 11 U.S.C.

2

§ 707(a). In support of her motion, Hamilton filed a sworn certification which advised the Court as follows:

> Beginning on October 11, 2001, I made loans to debtor and his corporations (Shaw Auto Sport, Inc., a New Jersey corporation [SAS] and Philly Motor Sport, Inc. a Pennsylvania corporation [PMS] totaling $150,000.00 to be used only for the purchase of automobile inventory. Debtor and his corporations gave plaintiff promissory notes and securing agreements evidencing and securing the loans. Debtor was personally obligated as well as the corporations.

App. at Pa-23. The certification went on to aver that Shaw's representations with respect to the condition of the pledged vehicles was material and knowingly false and that Shaw falsely represented that he owned the vehicles and that no other person had any interest in them. Based on these fraudulent misrepresentations, Hamilton secured a judgment against Shaw and Philly Motor Sport in the amount of $180,000.

Hamilton also supplied the Bankruptcy Court with a Victim Notification Letter she had received from the United States Attorney's Office referencing Shaw and his indictment.

Following a hearing, the Bankruptcy Court concluded, not surprisingly, that Hamilton was a victim of the fraudulent scheme to which Shaw had confessed. It also concluded on the basis of a defaulted adversarial complaint of the Trustee that Shaw had failed to list many of his creditors.[1] The Court ultimately concluded that "[t]his individual is not an honest debtor seeking to discharge creditors."

---

[1] The Court also noted that Shaw had obstructed the bankruptcy proceedings by failing to cooperate with his attorney.

We reject Shaw's arguments for essentially the reasons given in the District Court's opinion. Shaw pled guilty to having conducted the fraudulent scheme described in Count Fourteen, not just to sending the wire communication noted in paragraph 6 of that Count. Given that fact, the record provides ample support for the Bankruptcy Court's conclusion that Shaw's petition sought discharge of a $180,000 debt which he knew to be non-dischargeable.

*Judd v. Wolfe*, 78 F.3d 110 (3d Cir. 1996), does not stand for the proposition that there can be no finding of a lack of good faith in a no-asset case.

The judgment of the District Court will be affirmed.